**Cletis GOODMAN Plaintiff–Appellant**

v.

**Sanfford POLLACK Defendant**

**Jennifer Stehlik Ladman Defendant–Appellee**

Brody Duncan; State of Nebraska, Seward County Nebraska & Sheriff Department; Thomas R. Johnson; State of Nebraska Defendants

**Seward County, Nebraska; Seward County Sheriff's Office Defendants–Appellees**

No. 16-1176

United States Court of Appeals, Eighth Circuit.

Submitted: August 24, 2016

Filed: August 29, 2016

Cletis Goodman, Pro Se

Brandy Rae Johnson, Vincent Valentino, Valentino Law Office, Lincoln, NE, for Defendants–Appellees Jennifer Stehlik Ladman, Seward County

Vincent Valentino, Valentino Law Office, Lincoln, NE, for Defendant–Appellee Seward County Sheriff's Office

Before COLLOTON, BOWMAN, and GRUENDER, Circuit Judges.

**PER CURIAM.**

Cletis Goodman appeals from the order of the District Court[1] dismissing his 42 U.S.C. § 1983 action that alleged due process violations related to the seizure of his personal property during a criminal investigation. After careful review, we conclude that Goodman could not proceed on a due-process claim because Nebraska law provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause … if a meaningful postdeprivation remedy for the loss is available"); State v. Agee, 274 Neb. 445, 741 N.W.2d 161, 168 (2007) (noting in an appeal from an order overruling a motion for the return of property seized in a criminal case "that the government's disposition … of property does not moot a motion for return of the property"); see also Adams v. Am. Family Mut. Ins. Co., 813 F.3d 1151, 1154 (8th Cir. 2016) ("We review de novo a district court's grant of a motion to dismiss."); Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670–71 (8th Cir. 2013) ("This

---

**1.** The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

court can affirm on any basis supported in the record.").

We affirm the judgment of the District Court and deny the pending motion for sanctions.